# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2008

No. 08-60128
Summary Calendar

Charles R. Fulbruge III
Clerk

BRENT BARKER

Petitioner

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPARTMENT
OF LABOR

Respondent

Appeal from the United States Department of Labor
Administrative Review Board
Case No. 05-058

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Brent Barker seeks review of a decision of the Department of Labor Administrative Review Board ("ARB") affirming a ruling of an Administrative Law Judge ("ALJ") that Barker's dismissal by Ameristar Airways, Inc. ("Ameristar") was not retaliatory.[1]  Barker continues to claim that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Barker filed suit under a whistleblower protection provision of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21"), 49 U.S.C. § 42121 (2006).

Ameristar fired him for reporting the company's poor compliance with federal aviation safety regulations to the Federal Aviation Administration ("FAA"). Barker asserts that (1) the ARB was arbitrary and capricious in not reversing the ALJ because Barker demonstrated by substantial evidence that Ameristar's explanation for his dismissal was a pretext for retaliation, and (2) the ARB erred in affirming the ALJ's decision to exclude some testimony of his former co-worker, Thomas Clemmons, regarding the allegedly retaliatory reasons for Clemmons's dismissal. We deny the petition.

Barker was chief pilot at Ameristar from September 2002 until mid-April 2003 when he and five other Ameristar pilots were laid off. During Barker's brief tenure at Ameristar, he raised numerous safety concerns about the planes that the company operated, directly notifying the FAA about these matters on at least one occasion. Management told Barker that it preferred he handle complaints "in-house." During this time, the company was struggling to find business and become profitable; it lost $650,000 over 15 months. The mid-April lay-off that included Barker affected six of the company's 10 pilots, and the company was defunct soon after.

We affirm a decision of the ARB unless it is "arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. Factual findings are subject to substantial evidence review."[2] Conclusions of law are reviewed de novo.[3] An ALJ is granted broad discretion to make evidentiary determinations.[4]

---

[2] 5 U.S.C. § 706 (2006); Willy v. Admin. Review Bd., 423 F.3d 483, 490 (5th Cir. 2005).

[3] Willy, 423 F.3d at 490. The ARB reviews an ALJ's factual conclusions in cases like this under a substantial evidence standard and legal conclusions de novo. Guirovici v. Equinix, Inc., ARB Case No. 07-027, 2008 DOLSOX Lexis 52, at *7-8 (Dep't of Labor 2008) (AIR 21 governs complaints filed under the Sarbanes-Oxley Act of 2002 at issue in this case).

[4] 29 C.F.R. § 1979.107(d) (2008).

Barker had the burden of proving that Ameristar fired him at least in part for retaliatory reasons.[5] Ameristar could avoid liability by demonstrating by clear and convincing evidence that it would have taken the action regardless of Barker's behavior,[6] and Barker could then respond by demonstrating that his former employer's proffered explanation was a pretext for retaliatory discharge.[7] Barker did this, offering evidence that Ameristar's proffered explanation was pretextual. He claims here that the ARB ignored his evidence, yet we find no support for this contention. Rather, we conclude that the ALJ found Ameristar's explanation was more convincing than Barker's, and the ARB concurred. On this record, we cannot agree that the ARB's decision was arbitrary and capricious.

Finally, Barker contends that the ARB was arbitrary and capricious in affirming the ALJ's decision to bar portions of Clemmons's testimony. The ARB found no abuse of discretion in the ALJ's exclusion of the part of Clemmons's testimony that described his theory that he had been fired in retaliation for reporting the company's unsafe aviation practices to the FAA. Barker asserts that Clemmons's excluded testimony would have established a pattern of retaliatory firings by the company. But Clemmons was a manager who was fired individually months earlier. In contrast, Barker was one of six pilots (out of a total of 10) who were laid off just months before the company went under. The ARB viewed the situations as sufficiently inapposite to uphold the ALJ's conclusion that Clemmons was not similarly situated to Barker, making the subject portion of his testimony irrelevant. The ARB also noted that the ALJ permitted Clemmons to provide other relevant testimony. Given the deferential

---

[5] Allen v. Admin. Review Bd., 514 F.3d 468, 476 (5th Cir. 2008).

[6] Id.

[7] Sievers v. Alaska Airlines, Inc., ARB Case No. 05-109, 2008 WL 316012, at *3 (Dep't of Labor 2008).

standard of review applicable, we cannot agree with Barker that the ARB's conclusion was arbitrary and capricious.

PETITION DENIED.